IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING,<br><br>                      Plaintiff,<br><br>      v.<br><br>UNITED STATES,<br><br>                      Defendant. | Before: Hon. _____<br><br>Court No. 21-00595 |

## COMPLAINT

Plaintiff American Manufacturers of Multilayered Wood Flooring ("AMMWF" or "Plaintiff"), by and through its attorneys, alleges and states the following claims against Defendant United States:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff brings this Complaint to contest portions of the U.S. Department of Commerce's ("Commerce") final affirmative results in the administrative review of the antidumping duty order on multilayered wood flooring ("MLWF") from the People's Republic of China ("China") for the period of review ("POR") of December 1, 2018 through November 30, 2019. The final results in this administrative review were issued on October 25, 2021 and published in the *Federal Register* on October 29, 2021. *Multilayered Wood Flooring From the People's Republic of China*, 86 Fed. Reg. 59,987 (Dep't Commerce Oct. 29, 2021) (final results of antidumping duty admin. rev.; final successor-in-interest deter., and final deter. of no shipments; 2018-2019) ("Final Results") and accompanying Issues and Decision Memorandum ("I&D Memo").

Ct. No. 21-00595

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under sections 516A(a)(2)(A)(i)(I) and (B)(iii) of the Tariff Act of 1930, as amended. 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) & (B)(iii).

## STANDING

3. Plaintiff is an *ad hoc* association whose members manufacture the domestic like product in the United States. As such, Plaintiff is an "interested" party within the meaning of 19 U.S.C. § 1516a(f)(3) and 19 U.S.C. § 1677(9)(E). In addition, Plaintiff participated in the administrative review which led to the challenged final results, and accordingly has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4. Plaintiff commenced this action by filing a summons on November 24, 2021, within thirty days after the date of publication of the final results of the administrative review being contested. Summons (Nov. 24, 2021), ECF No. 1. Plaintiff is filing the Complaint within thirty days of filing the Summons. The Summons and Complaint are therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and also Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5. On February 6, 2020, the initiation of the administrative review of the antidumping duty order on MLWF from China for the POR of December 1, 2018 through November 30, 2019 was published in the *Federal Register*. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 6,896, 6,899-6,901 (Dep't Commerce Feb. 6, 2020).

6.      At the outset of the administrative review, Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. ("Senmao") and the Fusong Jinlong Group[1] ("Jinlong") Jinlong filed separate rate certifications on March 5, 2020 and March 9, 2020, respectively. Letter from Husch Blackwell LLP to Sec'y Commerce, re: *Multilayered Wood Flooring from the People's Republic of China: Separate Rate Certification* (Mar. 5, 2020); Letter from Law Offices of deKieffer & Horgan, PLLC to Sec'y Commerce, re: *Multilayered Wood Flooring from the People's Republic of China: Separate Rate Certification* (Mar. 9, 2020). Commerce selected Jinlong and Senmao as mandatory respondents on March 19, 2020. Memorandum from Alexis Cherry, Int'l Trade Compliance Analysts, Off. VIII, AD/CVD Operations, through Rebecca Trainor, Program Manager, Off. VIII, AD/CVD Operations, to Irene Darzenta Tzafolias, Dir., Off. VIII, AD/CVD Operations, re: *Antidumping Administrative Review of Multilayered Wood Flooring from the People's Republic of China; 2018-2019: Respondent Selection* (Mar. 19, 2020) at 1.

7.      Commerce issued initial questionnaires to Jinlong and Senmao on March 25, 2020. *Multilayered Wood Flooring From the People's Republic of China*, 86 Fed. Reg. 22,016 (Dep't Commerce Apr. 16, 2021) (prelim. results of the antidumping duty admin. rev., prelim. deter. of no shipments, prelim. successor-in-interest deter., and rescission of rev., in part; 2018-2019) ("Prelim Results") and accompanying Preliminary Decision Memorandum at 3 ("Prelim Decision Memo"). On April 14, 2020, Jinlong informed Commerce that it did not intend to participate as a mandatory respondent. Letter from Law Offices of deKieffer & Horgan, PLLC to Sec'y Commerce, re: *Multilayered Wood Flooring from China: Jinlong Notice of Intent Not to Participate* (Apr. 14, 2020) at 1-2. Jinlong made no other filings throughout the course of the

---

[1]    The Fusong Jinlong Group is comprised of Dalian Qianqiu Wooden Product Co., Ltd., Fusong Jinlong Wooden Group Co., Ltd., Fusong Jinqiu Wooden Product Co., Ltd., and Fusong Qianqiu Wooden Products Co., Ltd. Respondent Selection Memo at 1 n.1.

Ct. No. 21-00595

administrative review. Commerce received questionnaires responses from Senmao and various separate rate respondent companies between April 2020 and July 2020. Prelim Decision Memo at 3.

8.     Commerce issued its preliminary results on April 19, 2021, which were published on April 26, 2021. Prelim Results, 86 Fed. Reg. at 22,016. Commerce preliminarily calculated a margin of zero percent for Senmao and determined that Jinlong was not eligible for a separate rate and therefore was part of the China-wide entity. Prelim Decision Memo at 1. Commerce also assigned a zero percent margin to the non-examined respondents that qualified for a separate rate based solely on the margin calculated for Senmao. *Id.* at 16. In doing so, Commerce found that the agency's "expected method" was not feasible and that "there is no evidence that the zero rate is not reasonably reflective of the non-examined respondents' potential dumping margins." *Id.* at 15-16. That is, Commerce based the margin assigned to separate rate companies solely on the *de minimis* margin calculated for Senmao. *Id.*

9.     Parties filed case and rebuttal briefs on June 2, 2021 and June 9, 2021, respectively. In its case brief, AMMWF argued that Commerce should modify the margin applied to the separate rate companies to reflect the margins assigned to both mandatory respondents. Letter from Wiley Rein LLP to Sec'y Commerce, re: *Multilayered Wood Flooring from the People's Republic of China: Case Brief* (June 2, 2021) at 2-12 ("AMMWF Case Br."). AMMWF explained that Commerce incorrectly deviated from the expected methodology when it failed to weight-average the rates for both Senmao and Jinlong. *Id.* at 3-8. AMMWF also contended that Commerce should find that Jinlong was eligible for separate status and apply adverse facts available accordingly. *Id.* at 8-12.

10. In its case brief, AMMWF reasoned that Commerce's preliminary calculation of the dumping margin for the separate rate companies was in error because it departed from the statutory and legislative guidance dictating the calculation of the margin for non-examined companies and also because the agency's treatment of Jinlong as part of the China-wide entity for this purpose was arbitrary and unsupported by the record. *Id.* at 2. AMMWF argued that Commerce's preliminary margin calculation methodology for the separate rate companies would result in dramatic year-to-year swings in the antidumping duty rates that would weaken the overall effectiveness and predictability of the antidumping duty order on MLWF from China. *Id.*

11. Senmao, Fine Furniture (Shanghai) Limited and Double F Limited (collectively, "Fine Furniture"), and Kember Hardwood Flooring, Inc. ("Kember") also filed case briefs, and additional parties filed a letter in lieu of a case brief. I&D Memo at 2.

12. Multiple parties filed rebuttal briefs. *Id.* at 2-3. AMMWF addressed arguments made by Kember, Senmao, and Fine Furniture in its rebuttal brief. Letter from Wiley Rein LLP to Sec'y Commerce, re: *Multilayered Wood Flooring from the People's Republic of China: Rebuttal Brief* (June 9, 2021) at 2-8. Kember, Dalian Penghong Floor Products Co., Ltd., *et al.* (collectively, "Dalian Penghong"), Jiangsu Keri Wood Co., Ltd. and Sino-Maple (Jiangsu) Co., Ltd. (collectively "Keri Wood and Sino-Maple"), Yihua Lifestyle Technology Co., Ltd. ("Yihua"), and Zhejiang Longsen Lumbering Co., Ltd. *et al.* (collectively "Zhejiang Longsen") also filed rebuttal briefs, and Zhejiang Dadongwu Green Home Wood Co., Ltd. ("Zhejiang Dadongwu") filed a letter in lieu of a rebuttal brief. I&D Memo at 2-3.

13. Dalian Penghong, Kember, Keri Wood and Sino-Maple, Yihua, Zhejiang Dadongwu, and Zhejiang Longsen all argued in their rebuttal briefs that Commerce correctly calculated a zero percent antidumping duty margin for the separate rate respondent companies.

Ct. No. 21-00595

Letter from Law Offices of deKieffer & Horgan, PLLC to Sec'y Commerce, re: *Multilayered Wood Flooring from the People's Republic of China: Rebuttal Brief* (June 9, 2021) at 1-4; Letter from Hogan Lovells US LLP to Sec'y Commerce, re: *Multilayered Wood Flooring from the People's Republic of China: Rebuttal Brief of Kember Hardwood Flooring* (June 9, 2021) at 2-8; Letter from Husch Blackwell LLP to Sec'y Commerce, re: *Multilayered Wood Flooring from the People's Republic of China: Rebuttal Brief* (June 9, 2021) at 1-5; Letter from Mowry & Grimson, PLLC to Sec'y Commerce, re: *Multilayered Wood Flooring from the People's Republic of China: Rebuttal Brief* (June 9, 2021) at 1-9; Letter from Harris Bricken Sliwoski, LLP to Sec'y Commerce, re: *Multilayered Wood Flooring from the People's Republic of China: Letter in Lieu of Rebuttal Brief* (June 9, 2021) at 1-2; Letter from Craven Trade Law LLC to Sec'y Commerce, re: *Multilayered Wood Flooring from the People's Republic of China, A-570-970; Rebuttal Brief* (June 9, 2021) at 2-6.

14. Commerce held a public hearing on September 9, 2021. I&D Memo at 2.

15. Commerce issued its final results on October 25, 2021, which were published on October 29, 2021. Final Results, 86 Fed. Reg. at 59,987. Commerce continued to calculate a *de minimis* antidumping duty margin for Senmao and assigned the same zero percent rate to the non-selected companies eligible for a separate rate. *Id.* at 59,988.

16. In its final Issues and Decision Memorandum, Commerce addressed the arguments raised by AMMWF and other parties. I&D Memo at 5-32. Specifically, Commerce rejected AMMWF's arguments and continued to find that Jinlong is not eligible for a separate rate and continued to assign Senmao's calculated zero percent margin to the separate rate respondent companies. *Id.* at 17-21. Commerce reasoned that because Jinlong failed to submit its Section A questionnaire response that the company failed to meet the agency's established requirements for

separate rate eligibility and, thus, Jinlong had failed to demonstrate its independence from Chinese government control. *Id.* at 18-19. Commerce also found that, since Jinlong was not eligible for a separate rate, it did not deviate from its expected method by assigning Senmao's calculated rate to the separate rate companies. *Id.* at 20. Commerce explained that "the China-wide entity rate assigned to Jinlong is not under consideration for purposes of the expected method" and, rather, "the only rate under consideration pursuant to the expected method is the calculated margin for the sole mandatory respondent which established its eligibility for a separate rate, *i.e.*, Senmao's zero percent margin." *Id.*

## CLAIMS AND BASES FOR RELIEF

### Count I

17. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 16.

18. Commerce improperly deviated from its expected method by failing to weight-average the final antidumping duty rates for the individually investigated respondent companies when calculating the final dumping margin for the non-selected separate rate companies. Thus, Commerce's calculation of a separate rate margin based solely on the *de minimis* margin calculated for Senmao was not supported by substantial evidence or in accordance with law.

### Count II

19. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 18.

20. Commerce erred by treating Jinlong as part of the China-wide entity and excluding its margin from the calculation of the margin applied to the separate rate companies. Therefore,

Ct. No. 21-00595

Ct. No. 21-00595

the agency's decision to calculate the separate rate margin based solely on the *de minimis* margin calculated for Senmao was not supported by substantial evidence or in accordance with law.

## **REQUEST FOR JUDGMENT AND RELIEF**

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1) Hold that aspects of Commerce's final results in the antidumping duty administrative review of *Multilayered Wood Flooring from the People's Republic of China* are not supported by substantial evidence and is otherwise not in accordance with law; and

2) Remand the final results to Commerce for disposition consistent with the Court's final opinion; and

3) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Timothy C. Brightbill*
Timothy C. Brightbill, Esq.
Stephanie M. Bell, Esq.
Theodore P. Brackemyre, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel for the American Manufacturers of Multilayered Wood Flooring*

Dated: December 22, 2021

# CERTIFICATE OF SERVICE

PUBLIC SERVICE

*American Manufacturers of Multilayered Wood Flooring v. United States*
**Court No. 21-00595**

I certify that a copy of this public submission was served on the following parties, via certified mail and electronic service, on December 22, 2021.

/s/ Theodore P. Brackemyre

Mark Ludwikowski, Esq.
**Clark Hill PLC**
1001 Pennsylvania Ave., NW
Suite 1300 South
Washington, DC 20004

Adams Lee, Esq.
**Harris Bricken McVay Sliwoski, LLP**
600 Stewart St.,
Suite 1200
Seattle, WA 98101

Gregory S. Menegaz, Esq.
**deKieffer & Horgan**
1090 Vermont Ave., NW
Suite 410
Washington, DC 20005

H. Deen Kaplan, Esq.
**Hogan Lovells US LLP**
555 13th St., NW
Washington, DC 20004

David Craven, Esq.
**Craven Trade Law LLC**
3744 N Ashland
Chicago, IL 60613

Kristin H. Mowry, Esq.
**Mowry & Grimson PLLC**
5335 Wisconsin Ave., NW
Suite 810
Washington, DC 20015

Ronald M. Wisla, Esq.
**Fox Rothschild LLP**
1030 15th St., NW
Suite 380
Washington, DC 20005

Francis J. Sailer, Esq.
**Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP**
1201 New York Ave., NW
Washington, DC 20005

Jeffrey S. Neeley, Esq.
**Husch Blackwell LLP**
750 17th St., NW
Suite 900
Washington, DC 20006

Matthew T. McGrath, Esq.
**Barnes Richardson & Colburn**
1850 M Street, NW
Suite 1060
Washington, DC 20036

Zhang Ye, Esq.
**Beijing Kang Da Law Firm**
5th Floor, Building C,
International Wonderland
Xindong Road, Chaoyang District
Beijing, 100027, China

Attorney in Charge
International Trade Field Office
**U.S. Department of Justice, Civil Division**
Room 346, Third Floor
26 Federal Plaza
New York, NW 10278

Sonia M. Orfield, Esq.
Civil Division – Commercial Litigation Branch
**U.S. Department of Justice**
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Shengxing Yu, Esq.
**Hiways Law Offices**
69 Dongfang Road, Tower A, 15th Floor
Eton Place, Pudong
Shanghai, 200120

Rachel A. Bogdan, Esq.
**U.S. Department of Commerce**
1401 Constitution Ave., NW
Washington, DC 20230